B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CASH 1 | **DEFENDANTS**<br>ERIC DANIEL SULLIVAN |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>THE LAW OFFICE OF JENNIFER MCCOY<br>707 MAIN STREET, #126, NASHVILLE, TN 37206<br>615-500-8577 | **ATTORNEYS** (If Known)<br>ROEHRIG AND ASSOCIATES<br>115 PUBLIC SQUARE, GALLATIN, TN 37066<br>615-452-9400 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Debtor reported his title as lost with the State of Tennessee Department of Revenue Vehicle Services Division on the same day he provided the title to Plaintiff as security for a loan, rendering this debt nondischargeable under 11 U.S.C. § 523(a)(2)(A).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et. seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $3,000.00 |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>ERIC DANIEL SULLIVAN | BANKRUPTCY CASE NO.<br>19-04363 |||
| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE DISTRICT OF TENNESSEE | DIVISION OFFICE<br>COOKEVILLE || NAME OF JUDGE<br>HARRISON |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Trevor Baskin* ||||
| DATE<br>08/21/2019 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>TREVOR BASKIN ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re | ) | Petition No. 2:19-bk-04363 |
| | ) | Chapter 7 |
| ERIC DANIEL SULLIVAN, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| CASH 1 | ) | Adv. Pro. No. |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC DANIEL SULLIVAN | ) | |
| | ) | |
| Respondent. | ) | |

## COMPLAINT IN OBJECTION TO DISCHARGE

COMES NOW Cash 1, creditor and party in interest (hereinafter "Petitioner"), pursuant to 11 USC 523 and Bankr. R. P. 7001, and hereby submits this, his Complaint in Objection to Discharge as to Eric Daniel Sullivan (hereinafter "Debtor"). As grounds for this Complaint, Petitioner will show this honorable court the following:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 USC 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a). This is a core proceeding under 28 U.S.C. § 157(b), involving a determination as to the dischargeability of a particular indebtedness of the Debtor.

2. On May 6, 2019, Debtor applied for, and received, a loan in the amount of $1,400.00 with Petitioner, to be secured with the title to Debtor's vehicle. Debtor supplied Title 15600010709 for a 2006 Dodge 1500, attached hereto as **Exhibit A**.

3. On May 14, 2019, Petitioner received a letter, attached hereto as **Exhibit B**, from the State of Tennessee Department of Revenue Vehicle Services Division stating that Title 15600010709, which Debtor had supplied Petitioner to secure its loan, was not the most recent title to the vehicle. Debtor applied for a lost title on May 6, 2019 (the same day Debtor applied for a loan with Petitioner) and was issued Title 15600011039. This action voided the title submitted to Petitioner by Debtor. Petitioner has not yet received Title 15600011039 from the Debtor as of the time of this filing.

4. The crux of Petitioner's claim is that Debtor falsely represented to the State of Tennessee Department of Revenue Vehicle Services Division that he had lost Title 15600010709, Debtor did this in order to prevent Petitioner from having a valid security interest in the vehicle. Further, Debtor did so knowing that Petitioner had relied on this security interest when it issued a loan to Debtor of $1,400.00.

5. The funds received by Debtor in the amount of $1,400.00 were obtained by fraudulent means and should not be subject to discharge.

**COUNT I – EXCEPTION TO DISCHARGE - § 523(a)(2)(A)**

6. Petitioner hereby re-asserts the allegations contained in the preceding paragraphs of this Complaint.

7. Upon information and belief, Debtor intentionally or willfully applied for a lost title with the State of Tennessee Department of Revenue Vehicle Services Division to prevent Petitioner from having the security interest it had bargained with Debtor to receive.

8. The action of applying for a lost title with the State of Tennessee Department of Revenue Vehicle Services Division immediately after giving the title to Petitioner to secure a loan constitutes fraud.

9. Petitioner is entitled to a determination that the damages and debt arising from the

allegations in its Judgment, of which constitute a non-dischargeable debt and is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, PREMISES CONSIDERED, Petitioner prays for an order and judgment of this court in their favor and against Debtor, Eric Sullivan, excepting such debt, claims, and any judgment or other relief rendered or awarded in connection therewith, from discharge, and for such other and further relief as may be appropriate.

Respectfully submitted,

/s/ Jennifer J. McCoy
Jennifer J. McCoy, TN Bar No. 026875
**THE LAW OFFICE OF JENNIFER MCCOY, PC**
707 Main Street, #126
Nashville, TN 37206
(615) 500-8577 phone
(866) 381-5292 fax
Jennifer@jennifermccoylaw.com
*Attorney for Petitioner*

CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to those parties specifically requesting electronic service, on this August 20, 2019.

*/s/Jennifer McCoy*